

# THE ATTORNEY GENERAL

## OF TEXAS

GROVER SELLERS

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable Bayne Satterfield, Commissioner
Firemen's Pension Commission
P. O. Box 1062
Austin, Texas

Dear Sir:

Opinion No. O-6492
Re: Payment of benefit to minor children.

We have your request for an opinion from this department, which reads as follows:

"Section 12 of Article 6243-e, V.R.C.S., 1925, as amended, which provides for the death allowance to widows and children, says, in part:

"'Section 12. ----; (b) to the guardian of each child the sum of Six Dollars ($6) per month until such child reaches the age of eighteen (18) years; . . . . . .'

"One of our city Attorney's has brought up the question as to whether the benefits to the child or children should be made to the 'natural guardian of the child or children' where no authority to expend funds has been made by the probate Court; or to the guardian of the estate who has the authority to expend such funds of the ward.

"In order to clear up this point for the guidance of the Boards of Trustees in the future, will you please give us your opinion as to whom the Boards may make benefit payments to minor children;

"1. When there is only a natural guardian and this guardian has not been authorized to expend funds by the court.

"2. When a guardian of estate has been appointed and there is also a natural guardian who has not been authorized by the court to expend funds of the ward.

"3.  When a guardian of estate has been ap-
pointed and there is also a natural guardian who
has been authorized by the probate court to expend
funds of the ward."

The following statutory provisions are pertinent to
this discussion:

Article 4118:

"If the parents live together, the father is
the natural guardian of the person of the minor
children by the marriage.  If one parent is dead,
the survivor is the natural guardian of the per-
son of the minor children.  The natural guardian
is entitled to be appointed guardian of their es-
tates.  The rights of parents who do not live to-
gether are equal; the guardianship of their minor
children shall be assigned to one or the other,
taking into consideration the interest of the child
alone."

Article 4124:

"Only one guardian can be appointed of the
person or estate; but one person may be appoint-
ed guardian of the person, and another of the es-
tate, whenever the court shall be satisfied that
it will be for the advantage of the ward to do so.
Nothing in this article shall be held to prohibit
the joint appointment of husband and wife."

Article 4162:

"The guardian of the person is entitled to
the charge and control of the person of the ward,
and the care of his support and education, and
his duties shall correspond with his rights."

Article 4163:

"It is the duty of the guardian of the person
of a minor to take care of the person of such
minor, to treat him humanely, and to see that he
is properly educated, and, if necessary for his
support, that he learn a trade or adopt some use-
ful profession."

Article 4164:

"The guardian of the estate is entitled to the possession and management of all property belonging to the ward, to collect all debts, rents or claims due such ward, to enforce all obligations in his favor, to bring and defend suits by or against him; but in the management of the estate, the guardian shall be governed by the provisions of this title."

Article 4165:

"It is the duty of the guardian of the estate to take care of and manage such estate as a prudent man would manage his own property. He shall account for all rents, profits and revenues as the estate would have produced by such prudent management."

Article 4166:

"The guardian of both person and estate has all the rights and powers and shall perform all the duties of the guardian of the person and of the guardian of the estate."

Article 4112a:

"Section 1. Whenever any minor, lunatic, idiot, or non compos mentis, who has no legal guardian shall be entitled to any sum or sums of money not exceeding Two Hundred and Fifty Dollars ($250) from any person, firm, corporation, administrator, executor, guardian, or trustee, arising out of any liquidated and uncontested claim, such person, firm, corporation, administrator, executor, guardian, or trustee holding such sum may pay same over to the County Clerk of the county in which said minor, lunatic, idiot, or non compos mentis, resides, for the account of said minor, lunatic, idiot, or non compos mentis, and the receipt of the County Clerk therefor shall be forever binding on said minor, lunatic, idiot, or non compos mentis, as of the date and to the extent of the payment so made.

"Sec. 2.    Whenever any such sum shall be received by any County Clerk, he shall forthwith deposit said sum in his Trust Account in the name and for the account of said minor, lunatic, idiot, or non compos mentis.

"Sec. 3.  The father or mother of such minor,
lunatic, idiot, or non compos mentis, if either be
living within the State, or if both the father and
mother be dead or living without the State, then
such person having custody of the person of said
minor, lunatic, idiot, or non compos mentis, may,
upon application approved by the County Judge of
the county in which said minor, lunatic, idiot,
or non compos mentis resides, withdraw and take
charge of said money for the benefit of said minor,
lunatic, idiot, or non compos mentis, upon execut-
ing and filing with the County Clerk a proper bond,
approved by the County Judge in a sum at least
double the amount of said fund, payable to the
County Judge, conditioned that he will use said
money for the benefit of said minor, lunatic, idiot,
or non compos mentis under the direction of the
County Court or the Judge thereof, and that he will
account for said money and the increase thereof, if
any, to the minor when he becomes of age or to the
lunatic, idiot, or non compos mentis when he is
restored to sanity or to the legally qualified
guardian of such person, when called upon to do so.

"Sec. 4.  Such person who takes such money shall
receive no fees or commissions for caring for or
handling the same.

"Sec. 4-a.  When the person to whom said money
has been paid by the County Clerk for the benefit
of said minor, lunatic, idiot, or non compos mentis
as directed by the County Court or Judge thereof
or shall have otherwise complied with the provi-
sions of his aforesaid bond by accounting for said
money and the increase thereof, if any, he shall
file with the County Clerk from whom said money
was received, his sworn report thereof; which re-
port when so filed and approved by the County Court
or Judge thereof shall operate as a discharge of
said person and his sureties from any and all fur-
ther liability under and by reason of the afore-
said bond.  The County Court or Judge thereof shall
satisfy himself that said report speaks the truth,
and to that end may require said person to submit
proof thereon.

"Sec. 5.  This Act and the provisions thereof
shall be cumulative of all other laws upon the
same  subject, and is not intended to repeal any
other law upon the subject of the rights of minors,

lunatics, idiots, or non compos mentis, or money belonging to such persons."

The statute which provides for the natural guardianship or parents over the person of their minor children also provides that, "the natural guardian is entitled to be appointed guardian of their estate." Thus the father has the right prior to all others; and in the case of his death, the surviving mother is entitled to the position. But this portion of the statute merely entitles the natural guardian to be appointed guardian of the estate; it does not give him the absolute right to act, as in the case of guardianship of the person, and he must be appointed by the probate court before he may act. Vineyard v. Heard, (Civ. App.) 167 S.W. 22, affirmed 212 S.W. 489.

You are accordingly advised that these funds must be paid to the guardian of the estate of the minor child, and that where no such guardian has been appointed by the probate court, these funds may be paid to the county clerk as provided by Article 4112a.

We have not answered your questions categorically for the reason that we have had some difficulty in interpreting them and particularly your question No. 3. We believe, however, that the above sufficiently answers all of your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/H. T. Bob Donahue
Assistant

HTBD:db:wc

APPROVED JUN 19, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman